## CITY OF PETERSBURG

*v.*

## TODD.

(*Supreme Court of Appeals of Virginia, Feb. 6, 1896.*)

[24 S. E. Rep. 232.]

**Defective Street—Action for Injuries—Sufficiency of Evidence.**\*

In an action for injuries from an obstruction in a street, based on defendant's failure to provide lights or signals, where the evidence showed that plaintiff was injured as alleged, and that defendant's negligence was the proximate cause of the injury, and no error appears in the instructions, a judgment for plaintiff will be affirmed.

Error to hustings court of Petersburg.

Action by Burwell Todd against the city of Petersburg for personal injuries. Judgment for plaintiff, and defendant brings error. Affirmed.

*Geo. Mason,* for plaintiff in error.

*Alexander Hamilton,* for defendant in error.

KEITH, P., delivered the opinion of the court.

This is an action of trespass on the case brought in the hustings court of the city of Petersburg upon the following cause of action: On the 19th day of December, 1891, the plaintiff, while driving along one of the streets of the city of Peters-

---

\*See monographic note on "Municipal Corporations" appended to Danville *v.* Pace, 25 Gratt. 1 (Va. Rep. Anno.).

burg, in a two-wheeled vehicle, commonly called a "jumper," came into collision with an iron water plug projecting above the ground more than one foot, thereby overturning his vehicle, and causing him very serious injury. The allegation is that there was no light or signal at or near the water plug to disclose its situation ; that it was a dangerous obstruction in the street or highway, well known to the defendant, which permitted it to remain, notwithstanding its dangerous character, and without taking any care or precaution for the protection of persons driving or riding along said street. These are the material facts, which are stated, with certain variations, in each one of the several counts in the declaration. To this declaration there was a demurrer, but no reason is assigned which we deem at all meritorious or worthy of particular comment. The demurrer being overruled, the defendant pleaded not guilty, a jury was sworn, and evidence was introduced before them which fully sustains every averment of the declaration, and establishes beyond question the injury done to the plaintiff, and the negligence of the defendant as the proximate cause thereof. The learned judge before whom the case was tried instructed the jury fairly, fully, and intelligently upon every question arising upon the case submitted to them. We do not think any of the assignments of error well taken, and the judgment complained of is affirmed.